1  JOHN K. LY (SBN 247477)
   Email: jly@lianglyllp.com
2  LIANG LY LLP
   601 South Figueroa Street
3  Suite 1950
   Los Angeles, California 90017
4  Telephone: (213) 262-8000
   Facsimile:  (213) 335-7776
5

*Attorneys for Korn Ferry and Korn Ferry (US)*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS A. VENTURA,<br><br>    Plaintiff,<br><br>vs.<br><br>RANDSTAD US LLC, RANDSTAD NORTH AMERICA INC., HIREWELL, LLC, KORN FERRY, and KORN FERRY (US)<br><br>    Defendants. | Case No.: 5:25-cv-2931<br>Sup. Case No.: CIVRS2508108<br><br>**DEFENDANTS KORN FERRY AND KORN FERRY (US)'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441(A) (FEDERAL QUESTION)**<br><br>[Filed Concurrently with Corporate Disclosure Statement; Notice of Interested Parties; and Declaration of John Ly in support of Defendant's Notice of Removal of Action]<br><br>Complaint Filed: September 25, 2025<br>Trial Date: None set |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF:**

**PLEASE TAKE NOTICE** that, Defendants Korn Ferry and Korn Ferry (US) (collectively, "Korn Ferry") hereby remove the above-entitled action from the Superior Court of the State of California in and for the County of San Bernardino, to the United States District Court for the Central District of California.

This Court has subject matter jurisdiction over Plaintiff's lawsuit. As established by 18 U.S.C.A. § 1964(c), federal courts have original jurisdiction over RICO claims. Removal of such claims from state court is permissible under 28 U.S.C.A. § 1441(a), which provides that any civil action brought in state court and within the original jurisdiction of federal courts may be removed to the appropriate federal district court. As explained by *Lou v. Belzberg*, 834 F.2d 730, 733, 741 (1987), state and federal courts have concurrent jurisdiction over RICO claims, making the action removable under 28 U.S.C.A. § 1441. Further, as related to the second cause of action under the Securities Act, 15 U.S.C.A. § 78aa grants federal jurisdiction over claims under the Act, which includes 15 U.S.C.A. § 78j(b). Here, removal is proper based on these grounds, as set forth more fully below.

## BACKGROUND

1. On or about September 25, 2025, Plaintiff filed a complaint against Defendants Korn Ferry and Korn Ferry (US), as well as Defendants Randstad US LLC, Randstad North America Inc., and Hirewell LLC (collectively "Defendants"), in the Superior Court of the State of California, County of San Bernardino, Case No. CIVRS2508108 (the "Complaint"). A true and correct copy of the Complaint is attached to the concurrently filed Declaration of John Ly and marked "**Exhibit A.**"

2. On October 3, 2025, Korn Ferry received service of the Complaint by personal and substituted service. A true and correct copy of the Proof of Service is attached to the concurrently filed Declaration of John Ly and marked "**Exhibit B.**"

-1-
NOTICE OF REMOVAL OF ACTION

3. In the Complaint, Plaintiff alleges that Defendants conspired to defraud Plaintiff through the impersonation of recruiting companies and the solicitation of cryptocurrencies in violation of 18 U.S.C. §1961-1968.

4. The Complaint asserts claims arising out of Plaintiff's losses from purported cryptocurrency trades after alleged calls with individuals supposedly affiliated with Defendants. Plaintiff sues for: (1) Conspiracy to Commit Fraud and Wire Fraud; and (2) Unlawful Solicitation of Investment. Exhibit A.

## **TIMELINESS OF REMOVAL**

5. This Notice of Removal is timely as it is being filed within 30 days of the first receipt by a defendant of a copy of an "order or other paper" (in this case, the Complaint) from which it was first ascertained the case had become removable. 28 U.S.C. § 1446(b)(3). Korn Ferry was served on October 3, 2025. Thirty days from this date is November 2, 2025, which is a Sunday. Because the time computing methods of Rule 6 apply to the deadline for removal, the deadline for removal is the next business day or November 3, 2025. *See, e.g., Younger v. CoreCivic, Inc.*, No. 1:25-cv-00012-SMD-JFR, 2025 WL 2426692 (D. N. Mex. 2025) (finding that the time-computing methods set forth in Rule 6(a) apply to deadlines for removal); *Johnson v. Harper*, 66 F.R.D. 103, 105 (E.D. Tenn. 1975) (concluding that Rule 6(a) applies to computations of time for purposes of § 1446(b)); *Froehlich v. CACH, LLC*, 289 F.R.D. 454, 456 (S.D. Ohio 2013) ("[Rule 6] applies to 28 U.S.C. §§ 1441 and 1446—the statutes governing the procedure for removal of civil actions); *Weinstein v. Paul Revere Ins. Co.*, 15 F. Supp. 552, 560 (D.N.J. 1998) (applying Rule 6(a) principles for computation of time to § 1446 removal); *Naverrette v. Hidalgo-Mendoza*, Civil Action No. 20-cv-01910-CMASTV, 2021 WL 838269, at *2 (D. Colo. Mar. 5, 2021) (same); *Pursley v. Lawrence*, Civil Action No. 21-1776, 2021 WL 5231871, at *5 (E.D. La. Nov. 10, 2021) (same).

## FEDERAL QUESTION JURISDICTION

6. Plaintiff asserts a federal claim under RICO in the Complaint, and thus, this case may be removed pursuant to 28 U.S.C. 1441(a). *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195-96 (1988).

7. As established by 18 U.S.C.A. § 1964(c), federal courts have original jurisdiction over RICO claims. Removal of such claims from state court is permissible under 28 U.S.C.A. § 1441(a), which provides that any civil action brought in state court and within the original jurisdiction of federal courts may be removed to the appropriate federal district court.

8. As explained by *Lou v. Belzberg*, 834 F.2d 730, 733, 741 (1987), state and federal courts have concurrent jurisdiction over RICO claims, making the action removable under 28 U.S.C.A. § 1441.

9. As for the second cause of action, Plaintiff alleges unlawful solicitation of investment and securities fraud pursuant to the Securities Act under 15 U.S.C.A. § 78j(b). 15 U.S.C.A. § 78aa grants federal jurisdiction over claims under the Securities Act, including § 78j(b).

10. As part of his RICO claim, Plaintiff refers to alleged violations of the California Corporations Code § 25019. This appears to be a predicate or related act in connection with the RICO claim. To the extent that it is considered a separate claim, under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction because it is predicated on and directly related to Plaintiff's claim for securities fraud, which arises under federal law pursuant to 15 U.S.C.A § 78aa. Plaintiff's state law cause of action is so related to the federal claim, so as to form part of the same case or controversy under Article III of the United States Constitution. As such, supplemental jurisdiction is appropriate.

## VENUE

11. Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(b). This action originally was brought in the Superior

Court of the State of California, County of San Bernardino.

## JOINDER

12. Plaintiff filed proofs of service in the state court action claiming that Defendants Randstad US LLC, Randstad North America Inc., and Hirewell LLC have been served. At this time, Defendants Randstad US LLC, Randstad North America Inc. have not appeared in the state court action, and it is unclear who represents these defendants. Korn Ferry anticipates that Defendants Randstad US LLC, Randstad North America Inc., and Hirewell LLC will consent and join in this Notice of Removal.

## NOTICE OF REMOVAL

13. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of San Bernardino.

14. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Korn Ferry or filed by Korn Ferry are attached hereto as the following exhibits, including: the Complaint and Summons (Exhibit A), the Proof of Service of Summons to Korn Ferry (Exhibit B), the Statement of Damages and Witness List (Exhibit C). A true and correct copy of the Statement of Damages and Witness List is attached to the concurrently filed Declaration of John Ly and marked "**Exhibit C**."

**WHEREFORE**, Korn Ferry and Korn Ferry (US) request that the above action pending before the Superior Court of the State of California for the County of San Bernardino be removed to the United States District Court for the Central District of California.

DATED: November 3, 2025   Respectfully Submitted,
LIANG LY LLP
By: /s/ John Ly
John K. Ly
*Attorneys for Defendants Korn Ferry and Korn Ferry (US)*